# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD A. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-879-PLC |
| | ) | |
| KAREN PITT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Reginald A. Morgan, a resident of St. Louis Psychiatric Rehabilitation Center, to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds, and will waive the filing fee. In addition, after initial review, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a resident of the St. Louis Psychiatric Rehabilitation Center. Since 1992, he has filed more than twenty civil cases in this Court. Plaintiff commenced this action on a Court-provided "Prisoner Civil Rights Complaint" form pursuant to 42 U.S.C. § 1983. ECF No. 1.

Plaintiff brings this action against one defendant, Karen Pitt, who he identifies as a chaplain at the Missouri Department of Mental Health. *Id.* at 2. He sues defendant Pitt in her official capacity only. *Id.*

In the section to provide his statement of claim, plaintiff states he is a Muslim who practices Islam. *Id.* at 3. Plaintiff alleges he "requested service for Moorish American back in 2020 and the chaplain denied it but did say she would help if she can find a grand sheik[.]" *Id.* Plaintiff claims that defendant Pitt's failure to find "the registered Grand Sheik of Islam" violated his First Amendment rights. *Id.*

For relief, plaintiff seeks damages in the amount of 33 million dollars. *Id.* at 5.

### Discussion

Plaintiff sues defendant Karen Pitt in her official capacity only. *See* ECF No. 1 at 2. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). A "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). Therefore, to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

In this case, plaintiff alleges defendant Pitt is employed by the Missouri Department of Mental Health. Thus, plaintiff is effectively suing the State of Missouri. However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). As the State of Missouri is not a "person," plaintiff is missing an essential element of a § 1983 claim. Therefore, the claim against defendant Pitt in her official capacity as an employee of the Missouri Department of Mental Health must be dismissed. Likewise, a claim for monetary damages against a state official acting in an official capacity is barred by the Eleventh Amendment. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment"). Plaintiff only seeks monetary damages; he does not seek injunctive relief. *See* ECF No. 1 at 5.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and legal frivolousness. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this  21st day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE